In this "inverse condemnation” case involving real property in West Virginia, both parties moved for summary judgment on liability. Because the Government had, several months after the petition was filed here, instituted a direct condemnation suit (involving the same property) in the Southern District of West Virginia, this court, in an opinion handed down on January 25, 1978, suspended proceedings on those cross-motions to allow the District Court to decide whether it would consider any alleged taking date prior to the filing of the direct condemnation action in that court, including the prior taking date asserted by plaintiff in its action in this court. Georgia-Pacific Corp. v. United States, 215 Ct. Cl. 354, 568 F.2d 1316, cert. denied, 439 U.S. 820 (1978). We indicated in that opinion that we believed that the District Court had full power to consider the earlier date, and that in our view that would be the preferable course, but we also anticipated that the District Court might disagree as to its authority "or as to the discretionary appropriateness of converging all aspects of this particular litigation in the District Court.”
The matter was then presented to the District Court which ruled, on January 19, 1979, that as a matter of *708 discretion it declined to exercise any jurisdiction it might have to consider any taking-date prior to the date of the filing of the direct condemnation suit, and indicated that litigation as to an alleged earlier date should proceed in this court
Plaintiff has now moved to terminate the suspension of proceedings ordered in our opinion of January 25, 1978, to deny the pending cross-motions for summary judgment, and to refer the case back to the trial judge for further proceedings. Defendant does not object to the reopening of the case in our court but asks that the court dispose of the pending cross-motions for summary judgment.
In our opinion of January 25, 1978, we said that the parties’ motions for summary judgment had "overwhelmed] us with long and detailed briefs, and a mass of affidavits and documents”; that in any event we would not determine the merits of the taking dispute on the cross-motions for summary judgment because "There is a hard residue of factual dispute which would first have to be tried and determined in the Trial Division”; that the "legal” issues were "so complex and so intermeshed with factual and particular details that we would first ask a trial judge to sift through the mass of material thrust upon us”; and that if this court had ultimately to proceed with the case "we shall need the help of the Trial Division in the face of the detailed issues and the overwhelming accumulation of affidavits, documentation, and argumentation presented to us.” 215 Ct. Cl. at 357-58, 364, 598 F.2d at 1318,1319, 1322.
We have been given no sufficient reason to change our position on the need for the help of the Trial Division. Accordingly, we terminate the suspension of proceedings, deny the pending cross-motions for summary judgment without prejudice, and remand the case to the trial judge for further appropriate proceedings. This action does not preclude the filing by either or both of the parties of new motions for summary judgment if the trial judge (in his discretion) grants permission for such filing, but if such a renewed motion-or motions are allowed to be filed the trial judge will first render his opinion and recommendation for conclusions of law thereon. This order shall serve as an advance reference to the trial judge under Rule 54 of any such dispositive motion.
*709 It is so ordered.